# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY K PLEASANT,<br><br>    Petitioner,<br><br>    v.<br><br>D. DAYES,<br><br>    Respondent. | Case No. 1:15-cv-00339-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 25, 2015, Petitioner filed the instant petition for writ of habeas corpus challenging his 2013 conviction in Merced County Superior Court for criminal threat, battery, and assault. Petitioner alleges ineffective assistance of counsel by his trial counsel and his appellate counsel. (ECF No. 1 at 5-7).[1]

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

---

[1] Page numbers refer to the page numbers stamped by ECF at the top of the page.

1

plainly appears from the petition . . . that the petitioner is not entitled to relief." See Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

In the instant petition, Petitioner has not sought review for his claims in the California Supreme Court. Petitioner argues two grounds for relief in the instant petition. In his first ground for relief, Petitioner alleges ineffective assistance of counsel by his trial counsel. In his second ground for relief, Petitioner alleges ineffective assistance of counsel by his appellate counsel. Petitioner states that he filed a habeas petition in the Fifth Appellate District of the Court of Appeal of the State of California that raised both grounds for relief. However, Petitioner did not raise these claims before the California Supreme Court. Petitioner indicates that he did not appeal his habeas petition to the highest state court or file any habeas petitions in the highest state court and that he "believed the Supreme Court of California would have denied review of the above petitions." (ECF No. 1 at 5). As Petitioner has not sought review in the California Supreme Court, the Court cannot proceed to the merits of his claims, and the petition must be dismissed without prejudice. See 28 U.S.C. § 2254(b)(1).

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. This

1 Findings and Recommendation is submitted to assigned United States District Court Judge,
2 pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules for the
3 United States District Court, Eastern District of California.  Within thirty (30) days after service
4 of the Findings and Recommendation, Petitioner may file written objections with the court and
5 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
6 Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's
7 ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.  Wilkerson v.
9 Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th
10 Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 7, 2015**                                    _/s/ Stanley A. Boone_
                                                           UNITED STATES MAGISTRATE JUDGE