# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY PLEASANT,<br><br>        Petitioner,<br><br>    v.<br><br>D. DAYES,<br><br>        Respondent. | Case No.  1:15-cv-00339-AWI-SAB-HC<br><br>ORDER CONSTRUING OBJECTIONS AS MOTION FOR RECONSIDERATION<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. # 14) |

Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 8, 2015, the Magistrate Judge issued Findings and Recommendations that recommended that the petition be dismissed without prejudice for failure to exhaust state remedies.  (Doc. 7).  After receiving an extension of time, Petitioner filed his objections on June 17, 2015.  (Doc. 11).  On July 31, 2015, the Court adopted the Findings and Recommendations and dismissed the petition without prejudice.  (Doc. 12).  On August 5, 2015, Petitioner filed a second set of objections with the Court.  (Doc. 14).  This second set of objections is a duplicate of the first set of objections.  As the second set of objections was filed after the order to adopt was entered, the Court will construe the second set of objections as a motion for reconsideration.

A petitioner may file a motion for reconsideration of a final judgment, and the motion may be treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure

1

59(e) or as a motion for relief from judgment or an order under Federal Rule of Civil Procedure 60(b). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Petitioner filed his second set of objections, which the Court construes as a motion for reconsideration, on August 5, 2015. Therefore, Petitioner filed his motion for reconsideration within 28 days of the entry of judgment, and the Court considers Petitioner's motion under Rule 59(e).

The Court notes that Petitioner's objections are a duplicate of Petitioner's first set of objections that he filed on June 17, 2015. When this Court conducted a *de novo* review of the case, the Court reviewed Petitioner's objections. Therefore, the Court addressed Petitioner's arguments in the Order Adopting the Findings and Recommendations. (Doc. 11).

As the Court explained, Petitioner's claims are unexhausted because Petitioner has not presented his claims in this federal habeas petition to the California Supreme Court. Petitioner has not shown that the exhaustion requirement should be excused. Petitioner's mistaken belief that he could not file his own habeas petition in the California Supreme Court does not show an absence of available State corrective process or render the process ineffective to protect the rights of Petitioner. Petitioner has not shown that it would be futile for him to present his claims to the California Supreme Court. Therefore, Petitioner's petition is completely unexhausted and he must fairly present his claims to the California Supreme Court.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's objections are construed as a motion for reconsideration and the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   September 30, 2015                            _____
                                                                                  SENIOR DISTRICT JUDGE